# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LEON NAPIER,

    *Plaintiff*,   CASE NO. 09-CV-14255

v.   DISTRICT JUDGE VICTORIA A. ROBERTS
    MAGISTRATE JUDGE CHARLES E. BINDER

JOHN DOE, *Unknown Sergeant,*
PATRICIA CARUSO,
STATE OF MICHIGAN,

    *Defendants*.
                                /

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)

### I.     RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED**.[1]

### II.    REPORT

    **A.    Introduction & Procedural History**

Plaintiff Leon Napier is a federal prisoner who is incarcerated at the Federal Correctional Institution in Milan, Michigan. On October 29, 2009, Plaintiff filed a *pro se* prisoner civil rights complaint asserting that his rights under the Eighth Amendment were violated when he was

---

[1]In the event that this report and recommendation is adopted, Plaintiff's motion to appoint counsel (Doc. 5) will be moot.

assaulted and seriously injured by a corrections officer while he was incarcerated at the Michigan Department of Corrections' Macomb Correctional Facility in New Haven, Michigan.

On November 16, 2009, U.S. District Judge Victoria A. Roberts issued an order requiring Plaintiff to provide the name and mailing address of the John Doe defendant no later than December 6, 2009. (Doc. 3.) In response, Plaintiff filed the following six documents, none of which identify the name and address of John Doe: an affidavit (Doc. 4), a motion to appoint counsel (Doc. 5), a memorandum of law (Doc. 6), another memorandum (Doc. 7), a letter[2] (Doc. 8), and a response (Doc. 9). On December 14, 2009, Judge Roberts referred all pretrial matters to the undersigned magistrate judge. (Doc. 10.)

Plaintiff's application to proceed without prepayment of fees pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), was granted on December 21, 2009. After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

B.     **Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[2]I note that the letter is from a prisoner by the name of Thomas Censke, who states that he prepares Plaintiff's legal documents because Plaintiff is illiterate and suffers from a mental health disability. (Doc. 8.)

2

> Further, the law in this circuit is clear that the district court, in performing its initial review, should only consider the complaint and that the plaintiff should not be given the opportunity to amend to avoid *sua sponte* dismissal. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

*Baker v. Thomas*, 86 Fed. App'x 906, 909 (6th Cir. 2004). Likewise, a plaintiff may not repair a complaint's fatal deficiencies by correcting them in his or her objections to a report and recommendation. *See Williams v. Lowe*, No. 1:08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008). "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint." *McGore*, 114 F.3d at 612 (emphasis added).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8 requires "that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). However, the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft*

3

*v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009) (finding assertions that a defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination were insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth).

### C.     Analysis and Conclusions

### 1.     Defendant Patricia Caruso

The complaint specifies that Defendant Caruso, who is the Director of the Michigan Department of Corrections, is being sued in both her personal and official capacities. I suggest that Plaintiff has failed to state a claim against her in her personal capacity because Plaintiff has not alleged that Defendant Caruso took any actions that were in violation of Plaintiff's rights. In a civil rights case, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. *See also Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976) (a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant). Furthermore, to the extent Defendant Caruso was named individually because of her supervisory role as director of the MDOC, I suggest dismissal is still appropriate because a supervisor cannot be held liable under section 1983 absent a showing that the supervisor personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See, e.g., Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Bellamy v.*

4

*Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir. 1982). Here, there is no allegation that she did so.

With regard to Defendant Caruso in her official capacity, "a suit against a government officer 'in [her] official capacity' is the same as a suit against the governmental entity for which the officer is an entity." *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 785 n.2, 117 S. Ct. 1734, 138 L. Ed. 2d 1 (1997) (some internal quotations and citations omitted). Therefore, suing Defendant Caruso in her official capacity is the same as suing the State of Michigan, which would result in redundant defendants because the state is already named as a defendant. I therefore suggest that Plaintiff has failed to state a claim against Defendant Caruso and that she be *sua sponte* dismissed.

### 2.     **Defendant State of Michigan**

The law is clear that regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Likewise, entities that can be considered arms of the state are immune from suit under the Eleventh Amendment. *Brotherton v. Cleveland*, 173 F.3d 552, 560 (6th Cir. 1999). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979), and the State of Michigan has not consented to civil rights suits in federal

court. *Abick v. Mich.*, 803 F.2d 874, 877 (6th Cir. 1986). Therefore, I suggest that the complaint fails to state a claim against Defendant State of Michigan and thus *sua sponte* dismissal of this defendant is appropriate.

### 3.     **Defendant Sergeant John Doe**

The only remaining defendant is Sergeant John Doe. As previously stated, on November 16, 2009, U.S. District Judge Victoria A. Roberts ordered Plaintiff to provide the full name and mailing address of the John Doe defendant no later than December 6, 2009. (Doc. 3.) Although Plaintiff has filed a number of documents, he has failed to comply with the explicit directives of Judge Robert's order. Accordingly, in light of Plaintiff's failure to comply with an order of the Court, I suggest that the case be *sua sponte* dismissed in its entirety.

## III.     REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.

*Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                s/ *Charles E Binder*
                                                CHARLES E. BINDER
Dated: December 29, 2009                 United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail Leon Napier, #41178060, at FCI Milan, P.O. Box 1000, Milan, MI, 48160; and served on District Judge Roberts in the traditional manner.

Date:  December 29, 2009               By     s/*Jean L. Broucek*
                                                     Case Manager to Magistrate Judge Binder